Catron, Ch. J.
delivered die opinion of the court.
1. This court is of opinion, that the mortgage deed from John Dougherty to Luke Tiernan and Sons, confers on the defendants the only title that can be noticed in a court of law. The decree extinguishing the equity of redemption, and the deed of the commissioner, John Goodwin, to the same effect, as between Dougherty and Tiernan and Sons, render the deed of 1820 absolute; but, as to third persons, the proceedings in equity bad no effect on the legal title vested by the deed on which it is grounded; becausé neither the right of Dougherty to (redeem, nor the extinguishment of the right in the manner in which it was extinguished, can be noticed in this action of ejectment.
There is no evidence that the mortgage deed was registered, other than the certificate of the register of Franklin county to the copy introduced in evidence, stating that the deed was then, on the 21st day of January, 1833, duly registered.
The sheriff’s title under which the lessor of the plaintiff claims, was consummated by a registered deed, on the 14th of July, 1828, pursuant to a levy and sale made of the premises in controversy, 1825. The mortgage deed from Dougherty to Tierman and Sons not having been registered, from any thing appearing in the record, until *459 more than one year after it was executed, only operated and took effect from the time when registered, by force of the act of 1819, ch. 47: nor did the act of 1827, ch. 59, change the effect of the deed as to the rights of the creditors of Dougherty — creditors being excepted from the act of 1S27, and left to stand on the ground the act of 1819 had placed them. The lessor of the plaintiff having had the elder right, was therefore entitled to a verdict. ,
2. The court is called upon to express an opinion on that part of the charge, referring to the lien of the execution of Patterson against Dougherty. It is, the judgment that forms the lien. Porter vs. Cocke, Peck’s Rep. 30: Hickman vs. Murfree, Mart. and Yerg. Rep. 26; and if the land be levied upon and sold within one year after the rendition of the judgment, the title relates to the date of the judgment, and overreaches intermediate aliena-tions, although made to bona fide and innocent purchasers: But, if no levy be made within twelve months, a purchaser takes title exempt from, and superior to the lien. The bona fide purchaser referred to in the act of 1799, ch. 14, sec. 2, is not one purchasing with knowledge of the judgment; but the statute has reference to a mala fide purchaser, v'oid against creditors of the grantor, because made to hinder and delay them.
All purchases made in opposition to the general lien before the expiration of twelve months are so deemed in law, and all made after are deemed bona fide, knowledge or the want of it aside.
3. As to the effect of the injunction on the lien, the injunction operates on the person of the plaintiff at law, not on the judgment, the lien of which continues; but if for this reason no levy or sale be made within twelve mctnths, a purchaser from the debtor, takes' title superior to the lien, regardless of the condition of the creditor personally, ’ with which the purchaser has- no concern. He goes to the execution docket, and finding the judg *460 ment more than twelve months old, without a sale of the debtor’s lands having been made, proceeds to purchase, disregarding the judgment; upon which, the order ;of a ' chancellor, and the granting of an inspection can have no effect. Mart. and Yerg. Rep. 372.
4. But it is supposed, the lien of the judgment, and the incipient title of the creditor which attaches by a levy of his execution on the land, are the same in effect; and that the case of Overton vs. Perkins, Mart. and Yerg. Rep. 369, sustains the position. The court there held on undoubted authority, that the granting of an injunction did not release the land from an actual levy, and that a purchaser from the debtor could not defeat the creditor’s vested right, by virtue of the levy, without being obnoxious to the charge of fraudulent combination with the debtor, to hinder and delay the collection of the debt, for which reason his title would be void by force of the statutes of frauds, of Elizabeth, and ours of 1801, ch. 25. It need only be named to gain.admission, that there is a wide difference betwe.en the general lien on all the debtor’s lands, and a special and fixed lien, by virtue of a levy: which if it covers property to the amount of the execution, has been holden a satisfaction, because in case of goods, it is an actual divestiture of title; and in case of lands, is the inception of a right to satisfaction that cannot he defeated, hut by the acts of the creditor himself, not by the acts of the debtor conveying to a third person. This is the extent of the decision referred to, and which has no application> to a cause like the one presented by the record, when the purchaser is opposed by a general lien, and not a specific levy.
Peck J. concurred.
Green, J. concurred, on all the points in the opinion ¡except the fourth. On this he gaye no opinion.
■ Judgment reversed.